GEORGE S. RAYMOND *vs.* RAY L. PHIPPS.

Franklin.     September 16, 1913. — October 21, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Lord's Day. Pleading, Civil,* Answer. *Contract,* Validity. *Frauds, Statute of. Practice, Civil,* Conduct of trial: rulings and instructions. *Damages,* In contract. *Evidence,* Relevancy and materiality.

In an action of contract, the defense, that the contract was invalid because it was made on the Lord's day, cannot be availed of if it is not set up in the answer.

At the trial of an action for a breach of a contract to purchase milk from the plaintiff for a year, the evidence of the plaintiff tended to show that in a conversation the defendant agreed to take milk from the plaintiff for a year, no mention being made as to when the year should begin. The defendant asked for a ruling that, if the contract was for one year and the year did not include the day on which it was made, the plaintiff could not recover in the absence of a memorandum in writing. The judge refused to give that ruling, but instructed the jury in substance that, if the agreement was as the plaintiff contended that it was, that would be an agreement that could be performed within one year from its making; but that, if the agreement was that the defendant was to take the milk for one year from some future date, then the agreement could not be performed within a year from the time it was made, and the statute of frauds would be a defense. *Held,* that the instruction covered all that the defendant asked for, so that no harm was done by the refusal to give the ruling in the form in which it was requested.

In an action for the breach of a contract to purchase milk from the plaintiff for a year, where it appears that the action was brought within three and one half months after the contract was made, the measure of damages should include such profits as the plaintiff would have realized from the contract if it had been fully performed and which the defendant's breach of the contract prevented him from realizing, and evidence of a price for which the plaintiff, after the refusal of the defendant to take his milk further, sold it to another person, is admissible for the purpose of showing the profits which the plaintiff would have realized from the complete performance of the contract by the defendant and the loss which he sustained from the breach of that contract; and, in the absence of anything to the contrary, the jury is warranted in assuming that the price received from such other dealer was the best price obtainable for the milk during the period in question.

At the trial of an action for the breach of a contract to purchase milk from the plaintiff for a year, where it does not appear that the parties made any agreement as to the ownership of the milk, it is not material whether the plaintiff had any financial interest in the milk that he was shipping to the defendant, and evidence on that question is not admissible; nor, in the absence of any contention by the defendant that the contract was made by the plaintiff as a member of a partnership and for the partnership's benefit, is evidence admissible to show that, at the time of the making of the contract, the plaintiff and a third person were "in partnership."

CONTRACT, by a farmer against a milk dealer, upon an alleged oral agreement made on or about November 1, 1911, whereby the defendant agreed to "purchase the plaintiff's milk" for the period of one year at thirty-four cents per can, the plaintiff to furnish thirty of the cans necessary for the transportation of the milk. The declaration alleged that the plaintiff furnished the cans and shipped the milk to the defendant until January 9, 1912, when the defendant refused to receive any more milk from the plaintiff. Writ dated February 13, 1912.

The answer contained a general denial and an allegation of payment, and set up the statute of frauds, alleging that the contract was one not to be performed within one year. There was no allegation that the contract was illegal because made on the Lord's day.

In the Superior Court the case was tried before *Hitchcock*, J. The material facts are stated in the opinion. There was a verdict for the plaintiff in the sum of $175; and the defendant alleged exceptions.

*H. Sherman*, for the defendant.

*H. A. Weymoth*, (*W. A. Davenport* with him,) for the plaintiff.

MORTON, J. This is an action to recover damages for the

breach by the defendant of an alleged oral contract for the sale of milk by the plaintiff to him for one year. There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the presiding judge to give certain rulings and to the admission and exclusion of evidence.

The plaintiff is a farmer in Charlemont and the defendant a milk dealer in Boston. During the late summer of 1911 the plaintiff began shipping milk to the defendant at thirty-two cents per can. In the fall of 1911 the defendant and his sister drove to the plaintiff's house and a conversation took place between the parties. It is upon this conversation that the plaintiff bases this action. The plaintiff testified that the defendant told him that other parties were furnishing a part of the cans necessary for carrying on the business, and asked him to do the same; and that he told the defendant that he would furnish cans as requested if the defendant would agree to take his milk for a year at thirty-four cents a can. Down to this point the parties agree. The plaintiff further testified that the defendant agreed to take his milk for a year. The defendant testified that he did not so agree, and that the plaintiff did not let him know until the next day that he would furnish the cans. This conversation took place, according to the plaintiff's recollection, in November, though he would not say positively. The defendant introduced evidence tending to show that it took place in the afternoon of Sunday, October 22. There was other evidence bearing on the question when the contract took effect, but it is not necessary to refer to it more particularly now.

The first ruling requested was in substance that if the jury should find that the contract was made on the Lord's day the plaintiff could not recover. This was rightly refused. The defense of illegality was not set up in the answer and was not therefore open to the defendant. *O'Brien* v. *Shea,* 208 Mass. 528. *Silver* v. *Graves,* 210 Mass. 26, 31.

The second ruling requested was that if the contract was for one year and the year did not include the day on which it was made the plaintiff could not recover in the absence of a written memorandum. This was given in substance though not in form. The presiding judge was not obliged to use the exact language of the request. The jury were instructed as follows: "If the agree-

ment was, as claimed by the plaintiff, that the defendant would take the milk for one year, and there was nothing further said about it, that would be an agreement which could be performed within a year from the making thereof. If the agreement was that he was to take the milk for a year from some future date, then the agreement could not be performed within a year from the time that the agreement was made, and the statute of frauds would be a defense in such a case as that." The plaintiff testified that the defendant agreed to take the milk for a year on the day that the conversation took place, and we do not see how the jury could · have failed to understand from the instruction that if the year included the day on which the agreement was made the plaintiff could recover, but if it did not the statute of frauds would be a defense and the plaintiff could not recover. So understood, the instruction covered all that the defendant asked and no harm was done by the refusal to give it in the form in which it was requested. *Sanborn* v. *Fireman's Ins. Co.* 16 Gray, 448.

The measure of damages included the profits which the plaintiff would have realized from the contract if it had been fully performed. *Fox* v. *Harding,* 7 Cush. 516, 522. In the absence of anything to the contrary it is to be presumed that the price for which the plaintiff sold the milk to Hood after the defendant had refused to take it, was the best price obtainable, and it was admissible for the purpose of showing the profits which the plaintiff would have realized and the loss which he sustained.

The question whether the plaintiff owned or had any financial interest in the milk he was shipping to the defendant was properly excluded. Whether the plaintiff owned or had any financial interest in the milk had nothing to do with the contract or with the defendant's breach of it. We also think, that, as the case stands, the question to the witness Legate, "Were Mr. Raymond [the plaintiff] and your son in partnership at this time?" was properly excluded. There was no offer to show that the contract in suit was a partnership transaction and that in making the contract the plaintiff was acting for and on behalf of the firm, in which case the question would have been admissible; *Baker* v. *Jewell,* 6 Mass. 460; *Converse* v. *Symmes,* 10 Mass. 377; *Halliday* v. *Doggett,* 6 Pick. 359; *Fay* v. *Duggan,* 135 Mass. 242; 15 Encyc. of Pl. & Pr. 566, and cases cited; but the question, as we construe

it, was simply whether a partnership existed between the plaintiff and the son of the witness. So interpreted, the question was plainly incompetent and immaterial.

*Exceptions overruled.*