## Bartoe, Appellant, *v.* Bixler Coal & Coke Co.

*Contract — Coal — "Entire requirements" — Breach — Purchase from other parties—Indefinite contract—Mutuality.*

1. In an action for breach of a contract by which defendant, a coal company, agreed to furnish plaintiff his "entire requirements" of coal for a period stated, a nonsuit is properly entered, where plaintiff's own testimony shows that he breached the contract during the period stated, by buying all of his coal requirements from other coal companies.

18   BARTOE, Appel., *v.* BIXLER COAL & COKE CO.

2. Not decided, whether such a contract was too indefinite to be enforced, and that it lacked mutuality.

Argued October 14, 1920.   Appeal, No. 121, Oct. T., 1920, by plaintiff, from order of C. P. Allegheny Co., July T., 1919, No. 671, refusing to take off nonsuit in case of W. F. Bartoe v. Bixler Coal & Coke Co.   Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Assumpsit for breach of contract.   Before STONE, J.
The opinion of the Supreme Court states the facts.
The court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Wm. A. McConnell,* with him *H. V. Blaxter,* for appellant.

*George C. Bradshaw,* of *Thompson & Bradshaw,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

On April 27, 1916, it was agreed between defendant coal company and plaintiff dealer, that the former would furnish the latter his "entire requirements" of coal, "from date to April 1st, 1917," other terms of sale, with which we are not now concerned, being set forth in the written contract.   Plaintiff, alleging that defendant had refused to perform, brought an action for damages; the court below entered a nonsuit, which it declined to remove, and this appeal followed.

In support of the judgment appealed from, defendant contends that the contract in suit is too indefinite to be enforced—plaintiff's "requirements" being neither fixed

nor capable of establishment by any standard—and that it lacks mutuality; but, without passing upon these grounds (which, if correct, would be sufficient in themselves to sustain the nonsuit), and assuming, for present purposes, that the contract is valid and enforcible, plaintiff's own testimony shows that he, himself, breached its obligations, during the summer months of 1916, by buying all of his coal requirements from companies other than defendant.

Plaintiff offered no evidence of waiver, nor did he show that defendant had any knowledge of these purchases from others. The breach of contract was fatal to plaintiff's right of recovery, and, on this ground, the nonsuit was properly entered; therefore, it is unnecessary to discuss the other reasons given by the court below in support of its action.

The assignments of error are overruled and the judgment is affirmed.