# G. B. Hurt, Inc., *v.* Fuller Canneries Co., Appellant.

*Contract—Sales—Payment — Waiver — Parol evidence to vary writing—Breach of contract—Cancellation—Case for court.*

1. Parol evidence is inadmissible to vary the terms of a written contract for the sale of goods, (1) where the alleged evidence relates to oral statements made before the written agreement was signed; (2) where the evidence consists of declarations by one of the parties, made after the date of the written contract, but relates merely to an understanding of what occurred, and not of what actually took place; and (3) where the statements referred to a cancellation of the contract, which was, in fact, affirmed.

2. The mere fact of receiving payment, or several payments, after the date when the purchaser is bound to make them, does not operate as an abrogation of the written agreement, nor will it be a waiver of strict compliance with the terms of the writing as to amounts falling due thereafter.

3. Where the purchaser of goods under a written agreement first breaches the contract, the seller has a right to cancel it, and, where he does, the purchaser cannot recover damages.


Argued October 15, 1920. Appeal, No. 150, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., July T., 1917, No. 2208, on verdict for plaintiff, in case of G. B. Hurt, Inc., v. Fuller Canneries Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Reversed.


Assumpsit for breach of contract. Before REID, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $1,635.05. Defendant appealed.


*Errors assigned,* among others, were (1) refusal of defendant's motion for judgment n. o. v. and (2) refusal of binding instructions for defendant, quoting record.

*Robbin B. Wolf,* of *McCreery & Wolf,* for appellant.— The contracts, being in writing, were for the court: Feeney v. Maryland Casualty Co., 264 Pa. 46.

If the terms of a contract are doubtful, the meaning put on the instrument by the parties themselves may be shown and will be enforced by the courts: Tustin v. P. & R. Coal & Iron Co., 250 Pa. 425.

Where for a long period the parties have been careless about insisting on strict compliance, either party may, after notice, require strict compliance: Portland Ice Company v. Connor, 32 Pa. Superior Ct. 428.

*John Murray Redden,* with him *A. Seder,* for appellee.—Where a written contract provides that time is of the essence, there can be a waiver of delay, either by a subsequent agreement, or by conduct indicating an intention to regard the contract as still in force after default: 13 Corpus Juris, section 784; Welsh v. Dick, 236 Pa. 155; Price v. Beach, 20 Pa. Superior Ct. 291; McNish v. Reynolds, 95 Pa. 483; Wilgus v. Whitehead, 89 Pa. 131.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

G. B. Hurt, Incorporated, sued the Fuller Canneries Company, a corporation, to recover damages for an alleged breach of contract; the jury rendered a verdict in favor of plaintiff, upon which judgment was entered, and defendant has appealed.

The contract in question was for the sale by defendant to plaintiff of certain canned goods, to be delivered in instalments, and the latter therein agreed to pay for each instalment "10 days from date of shipment." The contract also had a provision that "No agreement expressed or implied not stated on each copy of this order shall govern."

Plaintiff, in the presentation of its case, showed the contract, containing, inter alia, the above stated provisions, and admitted it had failed to comply with the

terms of payment, in that a certain shipment of goods, amounting to more than $1,400 in value, made by defendant on November 4, 1916, had remained unpaid for 130 days prior to March 26, 1917, when plaintiffs received notice from defendant of the latter's cancellation of the contract, because of such nonpayment.

There was no controversy whatever as to the facts thus far stated; but plaintiff contended that the long delay in payment of the shipment in question was not a breach of contract on its part, since the written agreement had been "later modified by parol." It contended that "the time of payment term, to wit: '10 days from date of shipment,' was modified [by an express oral agreement between the parties] so as to allow [plaintiff] to pay for merchandise shipped in 1916 in instalments at its convenience, the whole amount to be paid April 1st, 1917—the end of [defendant's] fiscal year."

The trial judge submitted to the jury the evidence of this alleged parol modification, together with other issues in the case. Defendant, in its assignments of error, criticises the manner in which this was done; it also contends, on several grounds, that, in the first instance, it was entitled to binding instructions, and, these having been refused, to judgment n. o. v.

For present purposes the case may be reduced to this question: Was there sufficient evidence to warrant the trial judge in submitting to the jury the issue as to the alleged parol modification of the written contract; or was it his duty to rule that the evidence adduced to prove such modification was legally inadequate?

The evidence was as follows: (1) An oral statement by G. B. Hurt, president of plaintiff company, that, when he started to purchase from defendant corporation, the president of that concern said to him "if you pay for this stuff by the end of the fiscal year it will be all right"; this was accompanied, however, by an admission that immediately after the conversation in which the above quoted declaration was made, a written contract was

signed containing the terms of payment, as hereinbefore recited. (2) A statement by Hurt that it was his "understanding" that his concern was to pay by the end of defendant's fiscal year. (3) Another statement by Hurt that he "understood everything was to be cleaned up by the end of the fiscal year"; and, when asked why, if this was so, he signed a contract containing contrary terms, he answered that "such course was often pursued." (4) Finally, a statement by Hurt that, in the summer of 1916, he had a conversation with J. D. Fuller, president of defendant company, in which he, Hurt, asked leave to cancel part of his contract of purchase; that, in this conversation, Fuller asked Hurt "Why are you cancelling?" and the latter replied "Because I don't think I can pay for them by the end of the fiscal year in March," whereupon Fuller said there was no necessity for cancelling on account of "not having the money to pay all at one time......as long as it was paid at the end of the fiscal year" (but the cancellation in question did in fact take place).

The above is a brief, but sufficiently full, statement of all the proofs on the point under discussion, except the written correspondence between the parties, which does not help plaintiff, and the fact of certain delays in past payments; both of which latter items of evidence will be considered after further discussion of the testimony.

It is apparent that the first item of testimony is no evidence at all of the alleged parol modification of the contract in suit, since all that is there related occurred before any written contract was signed. The next two items simply represent declarations relative to Hurt's understanding of what occurred, not statements of what actually took place, from which a judicial conclusion might be made. As to the fourth item, plaintiff's own evidence proves that the cancellation, which Hurt and Fuller were then discussing, was in fact made; hence the alleged inducement of extended credit to prevent such cancellation, not having been accepted, could not

be subsequently called into effect for plaintiff's benefit. The testimony on the side of defendant did not help plaintiff in this regard, for Fuller denied ever having agreed to any change in the stipulated terms of payment, so far as the contract in suit is concerned.

The correspondence shows constant dunning on the part of defendant and, in reply, a series of broken promises to pay on behalf of plaintiff, with the final cancellation of the contract by the former because of default of the latter; as before said, it does not help plaintiff, but rather the contrary.

In Shilanski v. Farrell, 57 Pa. Superior Ct. 137, 143, President Judge RICE said: "The mere act of receiving payment, or several payments, after the dates when the purchaser was bound to make them," would not operate as an abrogation of a written contract, nor would it be "a waiver of strict compliance with its terms as to amounts falling due thereafter"; this statement fits the present case, for, aside from the testimony to which we have called attention, circumstances of such indulgence are all that plaintiff has to rely on. It may be that, after a long course of this sort of indulgence, a seller could not suddenly cancel for nonperformance of the contract according to its strict letter; but that is not this case.

A careful reading of the pleadings and the stenographer's notes of the trial, shows plainly that plaintiff's position—as to the alleged parol modification of the contract in suit—was precisely as we have stated it. Moreover, this is borne out by plaintiff's own statement of its position, contained in its paper-book, not only as we quote it in the beginning of this opinion, but where counsel say, "The court submitted to the jury the question of whether or not the written contract was modified with respect to the time of payment," and, again, where they say, "Appellant overlooks the plain position of the appellee to the effect that this written contract was modified and varied by parol after its execution."

We are of opinion that the evidence submitted, for the purpose of showing parol modification, was entirely inadequate, as not up to the required legal standard; and the trial judge should have so instructed the jury. Plaintiff itself first breached the contract, and defendant had the right to cancel (see Bartoe v. Bixler Coal & Coke Co., 269 Pa. 17) ; hence the latter was entitled to binding instructions in its favor.

The first and second assignments of error, which go to the declination of binding instructions and the refusal to enter judgment n. o. v., are sustained; the others are dismissed, because it is unnecessary to consider them.

The judgment for plaintiff is reversed and judgment is here entered for defendant.