# Pittston Township School District *v.* Dupont Borough School District et al., Appellants.

*School law—Division—Districts—Adjustment of liabilities—Increase of indebtedness—Constitutional law—Mandamus—Petition —Amendment—Tax levy—Acts of May 18, 1911, P. L. 309, and June 8, 1893, P. L. 345.*

1. In adjusting the assets and liabilities of an old school district, between two new ones carved out of it, counsel for the new district may agree upon the adjustment, which will become valid and binding when submitted to and approved by their respective boards.

2. The assumption by a new school district of its fair proportion of the liability of an old one, is not an increase of indebtedness forbidden by article IX, section 8, of the Constitution of the State.

3. The constitutional provision only applies where there is an incurring of liability where none legally existed before.

4. Ordinarily the words used in the Constitution are to be understood in their general and popular sense.

5. The giving of a certificate of indebtedness (as provided by the School Code of May 18, 1911, P. L. 309), showing the amount due by one school district to another, following an adjustment of the joint indebtedness does not substantially affect the rights of either; the duty to pay may be enforced though no certificate is given.

6. Under section 26 of the Act of June 8, 1893, P. L. 345, 349, a petition for a writ of mandamus may be amended by leave of court.

7. Mandamus will lie to compel the levy of a tax to pay an amount due, without first establishing the right at law, if the facts are not disputed and only legal questions are to be decided.

8. It is not error to overrule a vague and uncertain offer of proof.

9. The fact that, in making political adjustments, results are temporarily brought to pass which, if permanent, would be forbidden by the Constitution, does not of itself make the adjustment unconstitutional.

10. If the result obtained is one which the Constitution declares shall not exist, the parties affected must promptly take the necessary steps to restore the constitutional status; if they fail or refuse so to do, it may be compelled by proper legal proceedings.

11. Section 537 of the School Code, which provides that a tax levy shall not exceed 25 mills, relates only to the annual tax levy, and not to one compelled by order of court in order to pay an indebtedness of the district.

*Appeals—Statement of questions involved.*

12. No question need be considered by this court unless it is included in or fairly suggested by the statement of questions involved.

Argued April 11, 1922. Appeal, No. 306, Jan. T., 1922, by defendants, from judgment of C. P. Luzerne Co., Oct. T., 1919, No. 419, on verdict for plaintiff, in case of School District of the Township of Pittston v. School District of the Borough of Dupont et al. Before MOSCH-ZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Mandamus to compel levy of tax to pay certificate of indebtedness. Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff on which mandamus issued. Defendants appealed.

*Errors assigned,* inter alia, were various rulings and instructions appearing by the opinion of the Supreme Court, and order awarding mandamus, quoting record.

*James L. Morris,* for appellants.—The indebtedness sought to be enforced was illegal: Luberg's App., 1 Monaghan 329; Erie City's App., 91 Pa. 398; City of Wilkes-Barre's App., 109 Pa. 554; Pepper v. Phila., 181 Pa. 566; Rettinger v. Pittsburgh, 266 Pa. 67; Bell v. Waynesboro Boro., 195 Pa. 299; Troop v. Pittsburgh, 254 Pa. 172; Kreusler v. McKees Rocks School Dist., 256 Pa. 281.

Issuing certificate including share of funded debt was illegal: Harris v. Taylor Boro., 9 Lack. Jurist 355; Plunkett Creek Twp. v. Crawford, 27 Pa. 107; Sharon Hill Boro., 140 Pa. 250, 251; Upper Darby Twp. v. Lansdowne Boro., 174 Pa. 203; McGuire v. Phila., 245 Pa. 287.

The debt incurred could not be paid out of current revenues.

Indebtedness sought to be collected is in excess of constitutional limitation: Kreusler v. McKees Rocks School Dist., 256 Pa. 281.

The right to have mandamus must be clear: Douglas v. McLean, 25 Pa. Superior Ct. 9; Conley v. School Directors, 32 Pa. 194; Com. v. Mitchell, 82 Pa. 343.

The verdict of the jury in mandamus proceedings is merely advisory. It is not binding upon the court: Williamsport v. G. & W. Co., 232 Pa. 232.

The legislature has no power to compel the district to assume liability in excess of the constitutional limitation: Lake County v. Graham, 130 U. S. 674; Troop v. Pittsburgh, 254 Pa. 172.

*Richard B. Sheridan,* with him *Charles B. Lenahan,* for appellee, cited: Keller v. Scranton, 200 Pa. 130; Lake County v. Rollins, 130 U. S. 662.

OPINION BY MR. JUSTICE SIMPSON, May 15, 1922:

In due course the Borough of Dupont was carved out of the Township of Pittston; this automatically created the School District of the Borough of Dupont, comprising all the territory within the limits of the borough (School Code of May 18, 1911, P. L. 309), the remaining territory of the township constituting the new School District of the Township of Pittston.

Subsequently the latter school district filed a petition for a writ of mandamus against the former and its board of directors, alleging that, as provided by sections 110 and 111 of the code (P. L. 1911, page 311), there had been an adjustment of the assets and liabilities of the old school district between the two new ones, the amount payable by the old school district of the borough to that of the township being thereby ascertained and a certificate of indebtedness given for it; that repeated demands had been made for its payment, which were ignored, and hence petitioner prayed the court to compel the levy of a special tax to pay the amount due. An alternative writ

was awarded, a return in the form of an answer was filed, followed by a replication and joinder, and the issues thus raised were duly tried, resulting in a verdict for petitioner for the amount claimed, which included a proportionate part of the indebtedness of the old school district, represented by bonds not yet due. On the hearing of the motion for a new trial, the fact of that inclusion was pointed out, whereupon the court below allowed an amendment of the petition so as to pray that the tax levy should be compelled only for the amount presently due (this sum being agreed upon by counsel) and, the amendment being made, the court reduced the verdict accordingly, and, apparently with some hesitancy, awarded the peremptory writ. Defendants then appealed; but, despite the able argument of their counsel in support of the doubt expressed by the court below, we affirm the judgment without hesitancy.

It appeared that, at the request of their respective boards of directors, the counsel for the new school districts ascertained and reported to the boards an adjustment of the assets and liabilities of the old school district between the new ones, as provided by the School Code; this was duly approved by each board and the school district of the borough thereupon gave to that of the township a paper evidencing the indebtedness thus found to exist. The fairness and accuracy of the adjustment is not challenged; but appellants allege the boards should have done all the work themselves, and hence their act in approving the work of counsel, and issuing the certificate of indebtedness accordingly, was wholly nugatory. One of the purposes of permitting a school district to have counsel is that he may aid it in complying with the elaborate provisions of the code; therefore, seeking such aid was wise, and following it was commendable and not objectionable, since admittedly it resulted in exactly what should have been done, if the boards in solemn conclave had attempted inexpertly to do it, and, under counsel's advice, had finally got it straight.

At the trial defendants offered to prove, by the testi-
mony of the president of the school district of the bor-
ough, "that at the alleged meeting of June 26, 1917, at
which it is claimed that Dupont Borough School Dis-
trict adopted the adjustment and apportionment ar-
ranged by the attorneys and passed and ordered issued
the certificate of indebtedness on which this action is
based, there was no such action taken by the school
board, no meeting being held on that date, and no such
resolution being adopted, and no certificate of indebted-
ness being authorized." Upon objection the offer was
overruled and this is assigned as error. Defendants then
offered to prove by the same witness "that the proceed-
ings had by the school board of the Borough of Dupont,
on the date when the certificate was authorized to be
issued, included in the amount of that certificate a per-
centage of the bonded indebtedness of the [original]
Township of Pittston School District." The only pos-
sible way of reconciling these two offers is by concluding
that the objection is only that the meeting was not held
on June 26, 1917; for otherwise one offer would assert
that no meeting was ever held and the other that it was
held and certain things done. If it was intended to as-
sert there was no such meeting at any time, the offer
should have clearly stated this; that it did not, is in itself
sufficient to cause us to overrule the assignment of error;
especially as, at this bar, it was not denied that such a
meeting had been held. Moreover the objection cannot
be considered, since it was not raised by the pleadings;
the utmost defendants were willing to assert therein
being that the school district of the borough "did not
legally and properly determine and agree" to the adjust-
ment and the giving of the certificate, for the other rea-
sons considered in this opinion.

Nor is the objection to the amendment of the petition of
any validity; the strict provisions of the common law
on this subject were done away with by section 26 of the

Act of June 8, 1893, P. L. 345, 349, which specifically allows such amendments.

It is urged also that the appeal should be sustained because plaintiff's right to recover had not been first established at law. The only dispute regarding the facts was that relating to the date of the meeting, already considered; and hence the contention necessarily is that although the amount presently due by the one school district to the other is not disputed, payment is nevertheless refused; and although mandamus is an appropriate remedy to compel the levying of a tax to pay the debt, this course may not be taken here, although only legal questions, upon undisputed facts, remain to be determined. This contention we cannot sustain: Williamsport v. Citizens Water & Gas Co., 232 Pa. 232.

The real question defendant wish decided—and which, perhaps, might well have been made the only one, since it is admitted the school district of the borough should at some time and in some way be required to pay the amount claimed—is whether or not the proceedings are unconstitutional, because the adjustment and certificate of indebtedness constituted an increase of debt in excess of two per centum of the assessed value of the property in the district, and hence violated article IX, section 8, of the Constitution of the State. It is a little difficult to understand why that claim should be made in this proceeding, the only purpose of which is to compel the levying of a tax to reduce the debt; but if we assume it can be, appellants are not helped. It not infrequently happens in these political adjustments, that temporarily there appears that which, if permanent, would be forbidden; this is inevitable and not unconstitutional: Com. v. Moir, 199 Pa. 534. Of course, if the result was one which the Constitution declares must not exist, the parties affected would be bound to take the necessary steps to restore the constitutional status, and, if they failed or refused so to do, proper legal proceedings would compel it,

But appellants' claim upon this point is not correct. The constitutional provision invoked by them is as follows: "The debt of any......school district......except as herein provided, shall never exceed seven per centum upon the assessed value of the taxable property therein, nor shall any such......district incur any new debt or increase its indebtedness to an amount exceeding two per centum upon such assessed valuation of property, without the assent of the electors thereof at a public election, in such manner as shall be provided by law." The assessed valuation of the taxable property in the defendant school district is $548,637, seven per centum thereof is $38,404.59, and the total debt is but $27,010.62. Hence the permissible seven per centum has not been reached, and the only question we are called upon to decide is whether or not the adjustment, finding that the defendant school district owes the plaintiff school district this sum of $27,010.62, is the incurring of a new debt or increasing an indebtedness within the inhibition of the constitution? It certainly is not.

If we were to treat the new district as a separate entity, irrespective of the people and property within it, and overlook everything else, appellants would have a starting point for their contention; but this is not permissible. Now, as well as before the division, every item of taxable property in each of the new school districts is liable for all the debts contracted while they constituted but one district, and the creditors of the latter may still enforce their rights against all such property. The only effect of the separation, so far as relates to the matter under consideration, was that each of the new school districts, by virtue of the School Code and as a condition of their right to separate existence, agreed it would accept all the school property within its limits and would pay therefor and for a just and equitable share of the existing indebtedness, upon being allowed a proper credit for its fair share of the assets retained by the old district. This did not result in incurring a new

debt, for there was no new debt incurred to anybody, or in increasing an indebtedness, for the indebtedness remained exactly as before.

It would doubtless be a matter of great surprise to each of the individual appellants (as it would to every other untechnical person), if he were told that upon the dissolution of a partnership, indebted to Smith, Jones, Brown and Robinson, each partner taking part of the assets, one agreeing to pay Smith and Jones and the other to pay Brown and Robinson, that each partner incurred a new debt or increased his indebtedness. It is true, that here there is an adjustment also of the property of the original school district, the appellant district receiving relatively more of the property and hence agreeing to pay more of the debt; but, continuing the comparison, appellants' surprise would doubtless be just as great if told that a new debt was incurred or the indebtedness increased, because one of the partners took three-fourths of the assets and agreed to pay the indebtedness to Smith, Jones and Brown, and the other took only one-fourth and agreed to pay the indebtedness to Robinson. Yet the answer implied in this illustration decides the present controversy, since these words, as used in the constitutional provision, are to be understood in their general and popular sense: Keller v. Scranton, 200 Pa. 130.

Probably the apparent difficulty under which appellants labor would disappear if they remembered that the constitutional provision prevented only the incurring of a liability where none legally existed before; and that the giving of the certificate of indebtedness was simply the acknowledgment of an existing debt, and did not substantially affect the litigation in any way, since the result would have been exactly the same if no certificate had been given, or even if the school districts had not agreed upon the adjustment, which had accordingly been made by the court, in compliance with section 112 of the code: P. L. 1911, page 311.

The final suggestion made by appellants (which is not included in the statement of the questions involved and hence not entitled to consideration: Furman v. Broscious, 268 Pa. 119; Keck v. Pittsburgh, Harmony, Butler & N. C. Ry. Co., 271 Pa. 479), is that the judgment of the court below will compel a tax levy in excess of twenty-five mills, while section 537 of the code limits the maximum tax levy of a school district to that percentage (P. L. 1911, page 539). This section has no relation, however, to special levies made under order of a court, but only to the annual levies for carrying on the school work in the district "for the ensuing fiscal year."

The judgment of the court below is affirmed.