### ARKANSAS SHORT LEAF LUMBER CO. v. HEMLER.

(Circuit Court of Appeals, Eighth Circuit. July 3, 1922.)

No. 6023.

1. **Appeal and error** ⬅️1078(1)—**Assignments not argued deemed abandoned.**
   Assignments of error, not specified and argued in the brief of plaintiff in error, will be deemed abandoned.

2. **Appeal and error** ⬅️979(5)—**Excessiveness of verdict addressed to trial court's discretion.**
   Alleged excessiveness of the verdict is a matter addressed to the discretion of the trial court.

3. **Appeal and error** ⬅️754(3)—**Assignment that verdict excessive insufficient, where no complaint made of denial of new trial.**
   Where a motion for a new trial, one of the grounds of which was excessiveness of the verdict, was denied, and no complaint was made of such ruling by assignment of error in the record or specification of error in the brief, an assignment of error that the verdict was excessive did not properly raise the question, even if reviewable.

4. **Sales** ⬅️384(7)—**Damages not limited to exact date of buyer's refusal, but seller could find purchaser.**
   A seller of logs could not be held to the exact date of the buyer's refusal to take the logs in estimating his damages, but had the right, using reasonable diligence, to find a purchaser.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. Sales ⬅️384(7)—Price obtained on resale regarded as market price, in absence of other evidence.

In the absence of other evidence as to market price, the price obtained on resale immediately or within a reasonable time after buyer's refusal to take may be regarded as market price, where seller used due diligence and made all reasonable efforts to obtain the best price.

6. Sales ⬅️388—Instructions properly refused, as cutting off damages for loss of profits.

Instruction that, if buyer's only breach of contract was failure to pay for logs delivered, and seller thereafter did not deliver or attempt to deliver any more timber, measure of damages would be difference between contract price of timber tendered and its fair market value, and that plaintiff could not recover, if he sold the timber for as much or more than the contract price, and instruction that plaintiff could not recover prospective profits on timber which he did not deliver or tender, were properly refused, as denying damages for loss of profits by reason of buyer's failure to perform.

7. Trial ⬅️252(13)—Instruction properly refused, when not based on testimony.

Instruction that, if seller continued to deliver logs after buyer's refusal to take and pay for certain logs, he waived the breach, and instruction that seller's inability to perform was a good defense, were properly refused, where they were not based on any evidence.

8. Sales ⬅️388—Instruction as to market price properly refused, as ignoring reasonable time for resale.

In seller's action for buyer's breach of contract, instruction that there was no evidence that market price had fallen at time of buyer's alleged default was properly refused, as leaving out of consideration the seller's right to a reasonable time to make a resale, especially where it was not applicable to the facts.

9. Trial ⬅️234(6)—Misstatement of evidence by court not error.

Error could not be predicated on the court's misstatement of the evidence in the charge, where he told the jury that, if their recollection differed from his, they should follow their own understanding, and not that of the court.

10. Trial ⬅️105(1)—Instruction not erroneous because of inadmissibility of evidence admitted without objection.

Error could not be predicated on an instruction on the ground that the evidence on which it was based was inadmissible, where the evidence was admitted without objection.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by John V. Hemler, trading as the Hemler Bros. Land & Lumber Company, against the Arkansas Short Leaf Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Instruction No. 3, requested by defendant, told the jury that, even though defendant refused to accept logs tendered by plaintiff, unless such refusal was accompanied by a declaration that defendant did not intend to accept any other timber which plaintiff might thereafter, tender, or acts amounting to such a declaration, plaintiff could not recover prospective profits on timber which he did not deliver or tender, and that it made no difference that plaintiff was without means to continue logging in the absence of prompt payment.

Instruction No. 4 told the jury that if defendant broke the contract by refusing to scale and pay for logs gotten out by plaintiff at the end of the first two weeks of the contract period, and if after such breach plaintiff continued to get out logs and deliver them to defendant under the contract, then plaintiff waived the breach of the contract, and could not recover.

M. Danaher, of Pine Bluff, Ark. (Baker, Botts, Parker & Garwood, of Kansas City, Mo., and Palmer Danaher, of Pine Bluff, Ark., on the brief), for plaintiff in error.

A. L. Barber, of Little Rock, Ark. (Rogers, Barber & Henry, of Little Rock, Ark., Smith & Heard, of Rayville, La., and J. A. Tellier, of Little Rock, Ark., on the brief), for defendant in error.

Before CARLAND and LEWIS, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. The parties for convenience will be designated as they were in the trial court. From a judgment in favor of plaintiff in a suit to recover damages for the alleged breach by defendant of a contract whereby plaintiff agreed to sell and defendant agreed to buy 500,000 feet of No. 1 and 2 white oak, red oak, and ash logs within 30 days from date of contract, defendant brings error.

[1] The assignments of error specified and argued in the brief of counsel for defendant will alone be considered; other assignments in the record being deemed abandoned.

[2, 3] It is first claimed that the verdict was excessive. This was a matter addressed to the discretion of the trial court, which denied a motion for a new trial, one of the grounds of which was that the verdict was excessive. Neither in the assignments of error found in the record nor in the specifications of error found in the brief is there any complaint made of the ruling of the trial court in denying the motion for a new trial. It is true that there is an assignment that the verdict was excessive; but that question, even if properly raised, we may not review. New York L. E. & W. R. Co. v. Winter, 143 U. S. 60, 12 Sup. Ct. 356, 36 L. Ed. 71; Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224; Standard Oil Co. v. Brown, 218 U. S. 78, 30 Sup. Ct. 669, 54 L. Ed. 939; Herencia v. Guzman, 219 U. S. 44, 31 Sup. Ct. 135, 55 L. Ed. 81; Phoenix R. Co. v. Landis, 231 U. S. 578, 34 Sup. Ct. 179, 58 L. Ed. 377; Southern Ry.-Carolina Div. v. Bennett, 233 U. S. 80, 34 Sup. Ct. 566, 58 L. Ed. 1099.

[4, 5] It is next claimed that the trial court erred in refusing to charge the jury as follows:

"If you find from the evidence that the only breach of the contract on the part of the defendant was a failure to pay for such logs as the plaintiff delivered at Mangam and Archibald of the kind called for by the contract, at the expiration of the first two-weeks period of the contract, and that thereafter the plaintiff did not deliver or attempt to deliver any more timber under the contract, then the measure of his damages would be the difference between the price defendant contracted to pay him for said timber so offered to be delivered and the fair market value of the timber at the time and place plaintiff tendered it to defendant for delivery. If you find that plaintiff sold the timber for as much as, or more than, the contract price, he cannot recover."

We do not think the court erred in refusing this request. The contract between the parties provided that the logs should be delivered on the line of the Missouri Pacific Railway at certain designated places. The evidence tended to show that plaintiff delivered at Mangham, La., 200,000 feet of logs, and 50,000 feet at Archibald, La., within the time specified in the contract, and that defendant refused to scale

.and pay for the same. The requested instruction would confine the plaintiff to the market price at the time and place of the refusal by defendant to scale and pay for the logs. The evidence tended to show that it was about two months after the refusal by defendant to take the logs that plaintiff found a purchaser. After the trial court had charged the jury, and had inquired of counsel for defendant if he had any exceptions to make to the charge, counsel claimed that there was no evidence that the market price of the logs had fallen on June 26th, that being the time it was alleged that defendant had refused to scale and take the logs; therefore no damages could be recovered, the measure of damages being the difference between the market price and the contract price of the logs. In answer to the suggestion of counsel the trial court said:

"The court is bound to take judicial notice that you can't sell a lot of logs at a small country station the same day. As the court instructed the jury, and I will repeat it again: If you find that on the next day the defendant told him he wouldn't take the logs, it was the duty of the plaintiff to exercise reasonable diligence to find a purchaser as soon as possible at the best price he could obtain."

We do not think plaintiff could be held to the exact date of the refusal by the defendant to take the logs in estimating his damages; he had the right, using reasonable diligence, to find a purchaser. In the absence of other evidence as to the market price, the price obtained on the resale, immediately or within a reasonable time after the breach of the contract, might be regarded as the market price (35 Cyc. 597); the plaintiff, of course, using due diligence and making all reasonable efforts to obtain the best price (35 Cyc. 598).

[6] We think the requested charge was also erroneous for the reason that in effect it would cut off the plaintiff from recovering any damages for loss of profits by reason of the failure of defendant to perform the contract on his part. 17 C. J. § 172, pp. 157, 158.

"Where defendant breached a logging contract, plaintiff is entitled to recover the sum stipulated for all timber cut, and, for timber which he was prevented from cutting, the difference between the contract price and the cost of cutting." Langstaff-Orm Mfg. Co. v. Wilford, 160 Ky. 733, 170 S. W. 1; Pacific Bridge Co. v. Oregon Hassam Co., 67 Or. 576, 580, 134 Pac. 1184.

The same rule was enforced on the breach of a contract for furnishing a quantity of staves. Hauser, Brenner & Faith Co. v. Tate et al., 105 Ky. 701, 49 S. W. 475; Danforth v. Tennessee & C. R. Co., 93 Ala. 614, 11 South. 60.

We do not think the case of Harris v. Faris-Kesl Const. Co., 13 Idaho, 211, 89 Pac. 760, cited by defendant, is applicable to the present case. Under the facts in that case, the court ruled that the plaintiff was not justified in abandoning the entire contract. The result of the breach in the present case made it impossible for the plaintiff to continue to perform.

The refusal to give instruction No. 3 was not error, for the same reasons stated in connection with No. 2. There is nothing in the case of Bartley v. New Orleans, 30 La. Ann. 264, that would sustain such a charge.

[7, 8] In regard to instruction No. 4, there does not seem to have been any testimony upon which to base this request. The evidence showed that the plaintiff's equipment was seized after the refusal by the defendant to scale and take the logs, and plaintiff could do nothing. In other words, the testimony showed such facts as rendered it impossible for the plaintiff to further proceed with the contract. The refusal of the oral request, made by counsel for defendant after the court had charged the jury, in regard to there being no evidence that the market price had fallen at the time of the alleged default of the defendant, was not error. The request left out of consideration the reasonable time to make a resale which has been heretofore referred to. Moreover, it was not applicable to the facts of the case.

In regard to the instruction complained of in the seventh subdivision of defendant's brief, there was no error in giving it, when the language of the charge which preceded this excerpt is considered. It is complained that the trial court erred in refusing to instruct the jury that the inability of Hemler to perform his contract, if he could not, was a good defense. There was no error in refusing this request for the reason that there was no evidence upon which to base it. The evidence was that plaintiff was able and willing to perform the contract at the time of the breach by defendant; that he had 50 teams there ready to perform the contract, and could have obtained more if necessary.

[9] It is claimed that the court erred in his statement of the evidence as to what occurred at the office of one Cross. This testimony was all brought out at the trial without objection from counsel for the defendant, and the court stated to the jury very plainly that, if their recollection differed from his, they should follow their own understanding of it, and not that of the court.

[10] It is claimed that the testimony upon which the instruction was based was clearly inadmissible, but the record does not show that counsel for the defendant objected to it at the time.

Finding no error in the record, the judgment below is affirmed.