BOHL, Respondent, v. KOSTER, Appellant

(23 N. W.2d 164.)

(File No. 8818.   Opinion filed May 20, 1946.)

**Charles Lacey,** of Sioux Falls, for Appellant.
**Louis H. Smith,** of Sioux Falls, for Respondent.

RUDOLPH, Presiding Judge.

Plaintiff brought this action to recover for the alleged conversion of a team of mules, and some other minor items of personal property. With reference to the mules the answer of the defendant in part alleged that on November 23, 1943 plaintiff agreed to buy the mules and a harness from defendant for the agreed price of $130, that plaintiff paid to the defendant $50 in cash and delivered to the defendant as conditional payment two $40 checks which checks were presented for payment and payment refused; that plaintiff paid to the defendant one of the $40 checks in March 1944, but failed and refused to pay the other. The answer then alleges that defendant retained possession of the mules at all times, and that in September 1944, the plaintiff being in default in the payment of the balance due an unreasonable length of time, the defendant resold the mules to another buyer for the sum of $40 which was the reasonable market value of said mules at said time. Verdict and judgment were for the plaintiff and defendant appeals.

SDC 54.0160, which is Sec. 60 of the Uniform Sales Act, so far as here material provides: "* * * where the buyer has been in default in the payment of the price an unreasonable time, an unpaid seller having the right of lien * * * may resell the goods. He shall not thereafter be liable to the original buyer upon the contract to sell or the sale or for any profit made by such resale, but may recover from

the buyer damages for any loss occasioned by the breach of the contract or the sale."

By his requested instructions defendant sought to have presented to the jury his right as an unpaid seller under this statute. SDC 54.0160. The court refused these requested instructions, and this refusal presents the principal error upon which appellant relies.

Defendant testified in substance that he sold the mules and harness to the plaintiff as alleged in his answer. The two $40 checks were dated November 23, 1943 and November 24, 1943, and defendant testified that nothing was said about the time when these checks would be paid. He further testified that he presented the checks for payment at the bank on which they were drawn a few days after their execution and was advised that there were not sufficient funds to the credit of plaintiff to pay either of the checks. Thereafter, according to defendant's testimony, plaintiff from time to time promised to take up or pay the checks, and in March paid one but never paid the other. At the time of the transaction the mules were left with the defendant. Defendant testified that a few days later he saw the plaintiff and plaintiff said, referring to the mules, "take them up to Mansholts." Thereafter defendant took the mules to Mansholt's place and left them under instructions as testified to by defendant as follows: "I said I had sold them to Dick Bohl, but don't let Dick Bohl have them until he paid for them, * * * until I give orders to let them go." Mansholt corroborated this testimony of the defendant and further testified: "I never had any conversation with Bohl at all about the mules. * * * I wasn't dealing with Bohl at all. Koster is the one that left them there and I was taking care of them for him and not for Bohl." In April 1944, Mansholt advised defendant that he could no longer keep the mules, so defendant took the mules from the Mansholt place and paid Mansholt for keeping them during the winter. In September defendant sold the mules for $40.

The above is the substance of the testimony upon which appellant relies in support of having submitted to

the jury his rights as an unpaid seller under SDC 54.0160. As we construe this section of our code three things must concur to make it applicable; first, an unpaid seller; second, default in payment by the buyer an unreasonable time; third, the seller must have the right of lien. It is clear, we believe, that the evidence of the defendant is sufficient, if believed, to establish that he was an unpaid seller; the part of the purchase price represented by the $40 check was never paid. SDC 54.0152. The right to dispose of the goods in case of nonpayment is not lost by the retention of sums advanced in part payment. Atlantic City Tire & Rubber Corp. v. Southwark Founday & Machine Co., 289 Pa. 569, 137 A. 807. Was there evidence to show a default in payment by the buyer an unreasonable time? According to the testimony of the defendant the two checks were due and payable on their date, and no extension of this time of payment was ever granted. If the jury should believe this testimony of the defendant, it would be justified in concluding that failure to pay the $40 check before the time of the sale in September, 1944, amounted to default in payment an unreasonable time within the meaning of SDC 54.0160.

Under the provisions of SDC 54.0153 an unpaid seller of goods has a lien for the price while he is in possession thereof, and he is entitled to retain possession and preserve his lien if, while the goods are in his possession, a negotiable instrument which has been received as conditional payment is dishonored or the condition upon which it was received has been otherwise broken. SDC 54.0152, Bunde v. Smith, 57 S. D. 99, 230 N. W. 847. In the absence of an express agreement otherwise, payment by check is conditional payment only. Gay v. Sundquist, 42 S. D. 327, 175 N. W. 190; Eggleston v. Plowman, 49 S. D. 609, 207 N. W. 981, 44 A. L. R. 1231; 40 Am.Jur., Payment, Sec. 72. We are of the opinion, therefore, that the evidence of the defendant is sufficient upon which the jury might find that defendant retained his possession and lien at all times unless the evidence establishes as a matter of law that the lien was lost when the mules were delivered to Mansholt. SDC

54.0156 provides: "(1) The unpaid seller of goods loses his lien thereon:

"(a) When he delivers the goods to a carrier or other bailee for the purpose of transmission to the buyer without reserving the property in the goods or the right to the possession thereof;

"(b) When the buyer or his agent lawfully obtains possession of the goods."

The evidence of the defendant relating to the conditions under which the mules were delivered to Mansholt was admissible. Warren et al. v. Lincoln et al., 58 S. D. 196, 235 N. W. 597. We are convinced, therefore that the evidence of the defendant above set out was sufficient to present a fact issue to the jury on the question of loss of the lien by delivery to Mansholt. The evidence, in our opinion, does not establish as a matter of law that delivery to Mansholt was delivery to an agent of the plaintiff with a consequent loss of defendant's lien within the meaning of SDC 54.0156(b), neither does it establish as a matter of law that defendant delivered the mules to Mansholt without reserving his right to possession thereto. SDC 54.0156(a).

We are of the opinion, therefore, that the trial court erred in refusing to advise the jury of the rights of an unpaid seller to resell the goods under the provisions of our law to which reference has been made.

The Judgment appealed from is reversed.

BECK, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.