GEORGE L. ESTES, Respondent, *v.* CURTISS AEROPLANE AND MOTOR CORPORATION, Appellant.

*Contract — when manufacturer not required to proceed with performance of contract in face of claim that product was to be subject to government inspection — when action to recover for breach improperly dismissed.*

*Estes v. Curtiss Aeroplane & Motor Corpn.,* 191 App. Div. 719, affirmed.

(Argued December 6, 1921; decided January 10, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 5, 1920, reversing a judgment in favor of defendant, entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.   The action was to recover damages for breach of a contract under which plaintiff was to manufacture and deliver to the defendant 50,000 feet of ash lumber of a particular quality, cut in a special manner, in special sizes.   The lumber was to be twenty-five per cent suitable for aeroplane work.   The inspection was to be made by a designated inspector in the employ of the defendant, under rules agreed upon in particular detail and whereby the inspector was to be lenient and liberal in his rulings as to whether the lumber complied with the contract.   Plaintiff claims a material breach of the contract on the part of the defendant shortly after it was made and before any deliveries were due, by reason of defendant notifying plaintiff and insisting at all times thereafter that the lumber would have to be inspected by a government inspector instead of its own designated inspector, for which reason plaintiff refused to proceed with the contract and notified the defendant of his election to treat this notice as a repudiation of the contract.   The Appellate Division held that if the parties agreed upon a method of inspection, and the person to do the inspecting, that agreement was binding upon both parties, and the plaintiff was not

required to proceed with the performance of the contract in the face of a claim that the lumber was to be subject to government inspection.

*W. J. Wetherbee, Ralph S. Kent* and *Ralph C. Taylor* for appellant.

*Lawrence O. Waite* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: POUND, J.