HENDERSON TIRE AND RUBBER COMPANY, Appellant and Respondent, *v.* P. K. WILSON AND SON, INC., et al., Respondents and Appellants.

Sales — contract — examination and construction of contract for the manufacture of automobile tires by plaintiff to be delivered to defendant in specified quantities — when literal performance of provisions as to time of delivery of goods and payment therefor waived by both parties — action for damages for breach of contract and for agreed price of goods which defendants refused to accept — when such action maintainable under statute (Pers. Prop. Law, § 144, subd. 3, and § 145, subds. 1, 4) — provisions of statute (Pers. Prop. Law, § 146) as to necessity of notice before action could be brought, not applicable hereto — when counterclaim for damages for inferior quality of goods cannot be maintained under statute (Pers. Prop. Law, §§ 130, 150, subd. 3).

1. Under a contract between plaintiff and defendants the former agreed to manufacture, according to specifications to be furnished by the latter, automobile tires to the value of a specified amount with an option to defendants to increase the number to a larger amount. The defendants agreed to order and give specifications for at least a specified number of tires every three months and in case the option to order a larger number was exercised, as it was, the number was to be increased. The manufacture of tires was commenced and deliveries were made and paid for to a certain amount. There is evidence that the time of the delivery of the balance as well as the time of payment thereof was mutually waived by the respective parties. After the time specified in the contract in which deliveries might be made, the defendants accepted a shipment of tires and paid for them. Thereafter defendants refused to give further specifications or accept future deliveries except upon condition that the contract be rescinded and abandoned, thus refusing to further perform, and this gave the plaintiff the right to pursue one of three remedies: (a) Treat the contract as wholly rescinded and recover upon a *quantum meruit* so far as it had performed; (b) keep the contract alive for the benefit of both parties and at the end of the time specified for performance sue and recover under it; (c) treat the refusal on the part of the defendants as an abandonment of the contract and sue for the profits which might have been made had the contract been performed. In the

latter case the contract is continued for that purpose, and that is what the plaintiff in this case elected to do so far as the second cause of action is alleged.

2. The complaint alleged two causes of action. The first is to recover the purchase price of tires actually manufactured and offered to defendants which plaintiff could not readily resell for a reasonable price, and which defendants refused to accept or pay for. This gave rise to a cause of action under subdivision 3 of section 144 of the Personal Property Law. The second cause of action is to recover damages alleged to have been sustained by plaintiff by the refusal of defendants to accept the balance of the tires which they had agreed to purchase and which had not been manufactured. This gave rise to a cause of action under subdivisions 1 and 4 of section 145 of the Personal Property Law.

3. Section 146 of the Personal Property Law authorizing the seller to rescind the contract on notice is not applicable herein. This contract was not rescinded so far as the plaintiff was concerned. Hence there was no necessity for the plaintiff to give notice under this section. But if it be assumed that such notice were required, it gave all the notice that was necessary when it commenced this action within a very short time after the defendants had taken the position that they would not perform.

4. Upon the evidence the jury might have found that the time and manner of performance were waived by each of the parties. Under the circumstances, defendants were not in a position to refuse to give further specifications or accept further shipments. Their refusal gave the plaintiff the right to consider the contract abandoned and to call upon defendants to respond in damages. The plaintiff, therefore, was entitled to go to the jury upon both causes of action.

5. Defendants set up a counterclaim for damages alleged to have been sustained by them by reason of the quality of the tires delivered. This was properly dismissed. There was no evidence which would have justified a finding under the Personal Property Law (§§ 130, 150, subd. 3) that they had sustained damage. The tires which were delivered were accepted by the defendants when they knew, or ought to have known, the defects, if any, in them. They did not make any claim of a breach of warranty, nor did they return, or offer to return, any of the tires. Section 130 provides that if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor. (*Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.*, 221 N. Y. 120, 125, distinguished; *Heller & Bro.* v. *Continental Mills,*

233 N. Y. 641; *Estes* v. *Curtis Aeroplane & Motor Co.*, 232 N. Y. 572, followed.)

*Henderson Tire & Rubber Co.* v. *Wilson & Son*, 203 App. Div. 773, modified.

(Argued March 21, 1923; decided April 17, 1923.)

APPEAL by plaintiff from so much of a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 7, 1922, as affirmed a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.   Appeal by defendant, by permission, from so much of said judgment of the Appellate Division as unanimously affirmed a judgment in favor of plaintiff entered upon a dismissal of defendant's counterclaim.

*Simon Fleischmann, Martin Clark* and *George C. Riley* for plaintiff, appellant and respondent. Time is not fairly to be considered as of the essence of the contract in suit, especially as against plaintiff. (*Central Contracting Co.* v. *Grignon*, 255 Fed. Rep. 952, 954; *Perley* v. *Shubert*, 121 App. Div. 786; *Rosenthal* v. *Empire Brick Co.*, 54 Misc. Rep. 633; *Kanopolis Land Co.* v. *Morgan*, 1 Kans. 205.) If time is deemed to have been of the essence of the contract, as to either party, it was waived by their acquiescence, acts and conduct, and in particular, by the defendants. (*General Electric Co.* v. *National Contracting Co.*, 178 N. Y. 369; *Thomson* v. *Poor*, 147 N. Y. 402; *Leahy* v. *Lucius Engineering Co.*, 186 App. Div. 354; 227 N. Y. 660; *Helgar Corp.* v. *Warners Features*, 222 N. Y. 449; *Heller* v. *Cont. Mills*, 196 App. Div. 7; 233 N. Y. 641; *Imperator Co.* v. *Tull*, 228 N. Y. 447; *Beatty* v. *Guggenheim Co.*, 225 N. Y. 380.) The contract, with the time element eliminated, only called for performance by the parties, of their respective obligations, within a reasonable time. (*Pierson* v. *American Steel Co.*, 194 App. Div. 555.) Neither party gave notice restoring the time element of performance to the contract. (*Graves*

v. *White,* 87 N. Y. 463; *Klipstein & Co.* v. *Dilsizian,* 273 Fed. Rep. 473; *Brede* v. *Rosedale Co.,* 216 N. Y. 246; *Lawson* v. *Hogan,* 93 N. Y. 39; *St. Regis Co.* v. *Santa Clara Co.,* 186 N. Y. 89; *Taylor* v. *Goelet,* 208 N. Y. 253; *Schulder* v. *Ladew Co.,* 178 App. Div. 458.) The failure of plaintiff to make deliveries of the full installments of tires within the period as specified in the contract, did not, upon the facts and in the circumstances of this case, constitute a breach of the contract on plaintiff's part justifying defendants' refusal to proceed further. (*Helgar Corp.* v. *Warners Features,* 222 N. Y. 449.) Defendants were guilty of numerous defaults, and of a final absolute and anticipatory breach of the contract. (*Gordon Co.* v. *Bartels Co.,* 206 N. Y. 528; *Poppenburg* v. *Owen & Co.,* 84 Misc. Rep. 128; 165 App. Div. 946; 221 N. Y. 569; *Kent Co.* v. *Silberstein,* 200 App. Div. 52; *Pierson & Co.* v. *Am. Steel Ex. Co.,* 194 App. Div. 555; *Estes* v. *Curtiss Aeroplane & Motor Corp.,* 191 App. Div. 719.) The plaintiff, upon defendants' breach, present and anticipatory, was entitled immediately to maintain an action for the price of the goods manufactured, and for damages growing out of defendants' refusal further to perform the contract. (*Wimpfheimer* v. *Schutz,* 116 Misc. Rep. 480; *Poppenburg* v. *Owen Co.,* 84 Misc. Rep. 126; 220 N. Y. 89; Bogart on Sales, 283; *Gourd* v. *Healy,* 176 App. Div. 464; *Windmuller* v. *Pope,* 107 N. Y. 647; *Nichols* v. *Scranton Co.,* 137 N. Y. 471; *B. & O. R. R. Co.* v. *Lowenstein,* 171 App. Div. 137.) Section 146 of the Sales Law, relating to the technical rescission of a contract, has no application to the case at bar. (*McDowell* v. *Starobin Co.,* 176 N. Y. Supp. 118; *Anvil Mining Co.* v. *Humble,* 153 U. S. 540; *Hurst* v. *Trow P. & B. Co.,* 2 Misc. Rep. 361; 142 N. Y. 637; *Elterman* v. *Hyman,* 192 N. Y. 113; *Bullard* v. *Eames,* 219 Mass. 49; *Spiers* v. *U. D. Forge Co.,* 180 Mass. 87; *Jones* v. *McGinn,* 70 Ore. 236; *Stramel* v. *Hawes,* 97 Kans. 120; *Winningham* v. *Trueblood,* 149 Mo. 573; *Interboro Brewing Co.* v.

*Independent C. Ice Co.*, 83 Misc. Rep. 119.) The trial court was correct in non-suiting defendants as to their counterclaim. (Cons. Laws, ch. 41, §§ 130, 150; *Regina Co.* v. *Gately Co.*, 171 App. Div. 817; *Alexander* v. *Sola*, 185 N. Y. Supp. 869.)

*Jacob Scholer* and *Harold L. Fierman* for defendants, respondents and appellants. Assuming, without conceding, that defendants were at fault, the contract nevertheless survived unless plaintiff gave the notice required under section 146 of the Personal Property Law. This notice concededly not having been given, the contract was, therefore, subsisting and plaintiff having failed to perform its obligations under the contract the cause of action was properly dismissed. (*Rubber Trading Co.* v. *Manhattan Co.*, 221 N. Y. 120; *Hutt* v. *Hausman*, 193 N. Y. Supp. 452; *Strasbourger* v. *Leerburger*, 233 N. Y. 55; *Putnam-Hooker Co.* v. *Iron Clad Overall Co.*, 197 N. Y. Supp. 541; *Ga Nun* v. *Palmer*, 202 N. Y. 483; *Foss Schneider Brewing Co.* v. *Bullock*, 59 Fed. Rep. 83; *Bernstein* v. *Meech*, 130 N. Y. 354; *Becker* v. *Seggie*, 139 App. Div. 463; *Mark* v. *Van Eaghan*, 85 Fed. Rep. 583; *Dingley* v. *Oler*, 117 U. S. 490; *Roehm* v. *Horst*, 178 U. S. 1.) The defendants accepted and paid for every tire shipped within the contract period. Assuming that there was a waiver of the time limit of the contract for an indefinite period, nevertheless plaintiff was obliged to give to the defendants notice of a reasonable and definite time within which to perform the contract before the plaintiff could hold the defendants in default. (*Eddy* v. *Davis*, 116 N. Y. 247; *Leask* v. *Dew*, 102 App. Div. 529; *Myers* v. *De Mier*, 52 N. Y. 647; *Lawson* v. *Hogan*, 93 N. Y. 39; *Trainor Co.* v. *Amsinck*, 199 App. Div. 693; *Taylor* v. *Goelet*, 208 N. Y. 253; *Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 246; *Neverfail Lighter Co.* v. *Blum*, 201 App. Div. 153; *P. & C. Contractors Co.* v. *Meson & Hanger*, 168 N. Y. Supp. 740.) The contract between

the plaintiff and the defendants not only specified certain definite times for the performance of the contract, but also fixed a definite date for its termination, therefore, clearly making time the essence of the contract. (*Storm* v. *Rosenthal*, 156 App. Div. 544.) The contract by its terms expired on November 15, 1920. There was no written or oral extension to a definite time. Neither was there any express or implied waiver of the time limit of the contract. (*Brown* v. *Bowen*, 30 N. Y. 519; *New York Rubber Co.* v. *Rothery*, 107 N. Y. 310; *Pope Manufacturing Co.* v. *Rubber Goods Mfg. Co.*, 97 N. Y. Supp. 73; *New Publication Co.* v. *Stern*, 127 N. Y. Supp. 393; *Decker* v. *Sexton*, 43 N. Y. Supp. 167; *Ripley* v. *Ins. Co.*, 30 N. Y. 136; *Frankfort Barnett Co.* v. *Prinn Co.*, 237 Fed. Rep. 21; *Hampton Stone Co.* v. *Gardner*, 154 Fed. Rep. 805; *Stevens* v. *Mutual Life Ins. Co. of N. Y.*, 183 App. Div. 629; *Thomson* v. *Poor*, 147 N. Y. 402; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 456; *Maddaloni Olive Co.* v. *Aquino*, 191 App. Div. 51.) The first cause of action to recover the contract price of $37,510.82 worth of tires was properly dismissed because the alleged tender of this merchandise was improper and a refusal by the defendants to accept the same was not a breach of contract. (*Eddy* v. *Davis*, 116 N. Y. 247; *Leask* v. *Dew*, 102 App. Div. 529.) The plaintiff has failed to comply with section 144 of the Personal Property Law, and even if the tender had been a proper one the first cause of action was properly dismissed. (*Economon* v. *Schwartz*, 198 App. Div. 723.) The individual defendants set up a counterclaim for damages for breach of warranty and proved damages to the extent of $120,000. There was a sharp issue of fact raised on the question of the breach of warranty and of the amount of damages suffered by reason thereof. The dismissal of this counterclaim was error and the questions of the breach of warranty and of the amount of the damages should have been submitted to the jury. (*Hallett* v. *Liebmanis Sons Brew-*

*ing Co.*, 129 App. Div. 617; *Hesse* v. *Gude Bros. Kuffer Co.*, 170 N. Y. Supp. 211; *Clarke* v. *Schmidt*, 210 N. Y. 211; *McQuade* v. *Newman*, 88 N. Y. Supp. 363; *Steinhardt* v. *Phelps*, 66 N. Y. Supp. 311; *Staats* v. *Byers*, 63 App. Div. 634; 174 N. Y. 508; *Depew* v. *Peck Hardware*, 121 App. Div. 28; 197 N. Y. 528; *Henry* v. *Talcott*, 175 N. Y. 385; *Hutchinson* v. *Doyle*, 170 N. Y. 577; *Bell* v. *Mills*, 80 N. Y. Supp. 34.)

McLAUGHLIN, J.  On October 3, 1919, the plaintiff and the individual defendants entered into a written contract (subsequently taken over by the defendant P. K. Wilson & Son, Inc.) for the manufacture, purchase and sale of automobile tires.  Under the terms of the contract the plaintiff agreed to manufacture, according to certain specifications to be furnished by defendants, sell and deliver to them in New York city, automobile tires for export to the value of $300,000, with an option to defendants to increase the number of tires specified to the value of $750,000.  In the event of such increase the manufacture, sale and deliveries were to be proportionally increased, which option, during the term of the contract, was exercised.  The defendants agreed to order and give specifications for at least $75,000 worth of tires every three months, and in case the option were exercised, the number was to be proportionately increased.

There was also a provision in the contract to the effect that the plaintiff should not be held responsible for unavoidable delays by reason of strikes, fires, acts of Providence, embargoes placed in force by transportation companies, and other causes beyond its control.

The contract contained specifications as to the sizes of the tires which were to be in millimeters, and somewhat different from sizes of tires used on automobiles in this country.  It was to commence on its date and end on the 15th of November, 1920, thus making the time within which it was to be performed a little over thirteen months.

This action was brought to recover damages for a breach of the contract by the defendants. The complaint alleged two causes of action: (a) To recover the contract price of $37,510.82 worth of tires manufactured and delivery tendered and refused, which plaintiff notified defendants it would hold as their bailee, subject to their orders; and (b) to recover damages for a breach of the contract in that defendants refused to give specifications as to the remaining tires to be manufactured under it, or to accept further deliveries.

The answer put in issue the material allegations of the complaint as to performance by plaintiff, set up certain affirmative defenses, and a counterclaim for damages alleged to have been sustained by defendants by reason of the quality of the tires delivered.

At the trial, at the conclusion of the evidence, the complaint was dismissed, as was also the counterclaim. Judgment was entered to this effect. On appeal to the Appellate Division it affirmed, two of the justices dissenting, the judgment dismissing the complaint and unanimously affirmed the judgment dismissing the counterclaim. The plaintiff appeals to this court from the order of the Appellate Division and the judgment entered thereon which affirmed the judgment dismissing its complaint. The defendants, by permission, appeal from the order and judgment entered thereon which affirmed the judgment dismissing their counterclaim.

The plaintiff did not at once commence the manufacture of the tires under the contract, due to the failure of the defendants to give specifications and to obstacles encountered by it in its factory. After a delay, however, of several months, the manufacture and delivery of tires were commenced and during the life of the contract deliveries were made and paid for to the amount of $308,053.90. The time of delivery as to the balance, as well as the time of payment of those delivered, was mutually waived by the respective parties; at least

evidence was produced from which such waiver might have been found by the jury.

After the time specified in the contract in which deliveries might be made, the defendants accepted a shipment of $17,000 worth of tires and paid for them. The method of delivery was by carloads. In December, 1920, the plaintiff had on hand, ready for delivery, substantially two carloads, worth $37,510, which it offered to deliver and endeavored to induce defendants to take, which they refused to do, except upon the condition that the contract was rescinded and abandoned, which condition the plaintiff would not agree to. An offer to deliver these tires was also made in February, 1921, and a demand then made that they be accepted and that specifications for the balance of the tires called for by the contract be furnished. Defendants refused to accept a delivery of them or to give any further specifications and at the same time notified the plaintiff they would not accept any further deliveries or give any further specifications. They were then notified by the plaintiff that an action would be brought in Erie county to recover the damages sustained by the breach of the contract, to which counsel for defendants responded they could defend an action in Erie county as well as anywhere else. Within a few days thereafter this action was brought, with the result as above indicated.

The theory of the trial court, as appears from the opinion, was that the tender of the $37,510 worth of tires did not comply with the contract, in that all of the tires called for by it were not tendered at the same time. But this view overlooks the fact that a delivery of the entire number of tires called for by the contract could not have been made, since the defendants had not furnished the necessary specifications; that the time for such delivery had been waived; that no notice had been given as to the time within which such delivery must

32

be made; that the defendants had acquiesced in carload lots being shipped; and had many times during the life of the contract requested the plaintiff to delay shipments.

A majority of the justices of the Appellate Division was of the opinion that there was but one cause of action alleged in the complaint; that the first cause of action, that is, the one to recover the contract price of the $37,510 worth of tires manufactured, was to be regarded as part of the cause of action specified in the second cause of action, as to which a recovery could not be had because the plaintiff had not given the notice required by section 146 of the Personal Property Law (Cons. Laws, chap. 41).

This, it seems to me, is an erroneous view of what the complaint contains. It alleges two causes of action. The first cause of action is to recover the purchase price of tires actually manufactured and offered to defendants which plaintiff could not readily resell for a reasonable price, and which defendants refused to accept or pay for. This gave rise to a cause of action under subdivision 3 of section 144 of the Personal Property Law. The second cause of action is to recover damages alleged to have been sustained by plaintiff by the refusal of defendants to accept the balance of the tires which it had agreed to purchase and which had not been manufactured. This gave rise to a cause of action under subdivisions 1 and 4 of section 145 of the Personal Property Law.

Section 146 of the Personal Property Law provides, in substance, that where goods have not been delivered to the buyer, and the buyer has repudiated the contract, or manifested his inability to perform his obligations thereunder, or committed a material breach thereof, the seller may totally rescind the contract or the sale by giving notice of his election so to do to the buyer.

This contract was not rescinded so far as the plaintiff was concerned. It was seeking to induce the defendants

to perform, which they refused to do, notifying it that no further specifications would be given, and no further shipments would be received. The plaintiff, thereupon, notified the defendants that their refusal would be considered a breach of the contract, for which it would seek to hold them liable in damages. But it is said by the Appellate Division that the plaintiff did not put itself in a position to maintain an action for damages for a breach, because it did not totally rescind the contract by giving the defendants notice of an election so to do. In this respect reliance is placed upon *Rubber Trading Co.* v. *Manhattan Rubber Mfg. Co.* (221 N. Y. 120, 125), attention being called to the following words in the opinion in that case: " But even though the defendant was at fault, the contract, none the less, survived unless the plaintiff gave notice of an election to treat it as abandoned." A careful consideration of the opinion will show that this section was not there involved and has no application whatever to the principle here involved. We have held in later cases that section 146 is to be limited to cases of technical rescission. (*Heller & Brother* v. *Continental Mills*, 233 N. Y. 641; *Estes* v. *Curtiss Aeroplane & Motor Corpn.*, 232 N. Y. 572.) The defendants had refused to give further specifications or accept further deliveries. They refused to further perform, and this gave the plaintiff the right to pursue one of three remedies: (a) Treat the contract as wholly rescinded and recover upon a *quantum meruit* so far as it had performed; (b) keep the contract alive for the benefit of both parties and at the end of the time specified for performance sue and recover under it; (c) treat the refusal on the part of the defendants as an abandonment of the contract and sue for the profits which might have been made had the contract been performed. In the latter case the contract is continued for that purpose, and that is precisely what the plaintiff in this case elected to do so far as the second cause of action is alleged.

. There was no necessity for the plaintiff to give notice under section 146 of the Personal Property Law. But if it be assumed that such notice were required, it gave all the notice that was necessary when it commenced this action within a very short time after the defendants had taken the position that they would not perform. The law does not require something to be done for the mere form of it, since it looks to substance. If a notice were to be given, it was for a purpose. No purpose could here have been served because defendants had announced they would give no further specifications and accept no further deliveries. Under such circumstances what could possibly have been accomplished by giving a notice, assuming that one were required? (*Strasbourger* v. *Leerburger*, 233 N. Y. 55.) When a notice is required to be given, it is for the purpose of enabling the person to whom given to act. When the person has already taken a position which precludes action, a notice is never required. There are many authorities to this effect, notably where an action is brought by a stockholder of a corporation, for the benefit of the corporation and other stockholders similarly situated, against directors, and the directors are the persons who have committed the wrong. Demand that they commence an action would be futile, and for that reason a demand is not required. (*Jacobson* v. *Brooklyn Lumber Co.*, 184 N. Y. 152.)

The time and manner of performance, the jury might have found were waived by each of the parties — the plaintiff as to the time of manufacture and delivery, and defendants as to giving the specifications and payments. Had the jury so found, then neither party was in a position thereafter to rescind the contract on account of delays, unless the other party failed to perform within a reasonable time. (*Taylor* v. *Goelet*, 208 N. Y. 253.) The exact time generally is not the essence of a contract which has to be performed within a reasonable time, but

either party can make it so whenever he desires by simply giving notice to that effect. No such notice was given by defendants and it follows they were not in a position to refuse to give further specifications or accept further shipments. Their refusal gave the plaintiff the right to consider the contract abandoned and to call upon defendants to respond in damages. The plaintiff, therefore, was entitled to go to the jury upon both causes of action.

As to the defendants' counterclaim, I think the trial court was right in dismissing it. The dismissal was unanimously affirmed by the Appellate Division. There was no evidence, as I read the record, which would have justified a finding under the Personal Property Law (Secs. 130 and subd. 3 of 150) that they had sustained damage. They accepted the tires delivered, used them, and while there were some protests from time to time as to their quality, nevertheless they kept them and made no claim for damages by reason of inferior quality until after the commencement of this action. It was then too late. Section 130 provides that if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor. The tires which were delivered were accepted by the defendants when they knew, or ought to have known, the defects, if any, in them. They did not make any claim of a breach of warranty, nor did they return, or offer to return, any of the tires.

The judgments appealed from, in so far as they dismiss the complaint, should be reversed and a new trial granted, and otherwise affirmed, with costs to abide event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.