SARACHAN & ROSENTHAL, INC., Respondent, *v.* WILSON & CO., Appellant.

Fourth Department, January 2, 1924.

Sales — action by seller to recover for breach of contract — contract provided for shipment " f. o. b. cars Roch.," and in another place " will ship via our truck " — contract is ambiguous — evidence of practical construction admissible — buyer bound to give shipping orders — time of delivery was waived — giving shipping orders was condition precedent to seller's obligation to deliver — tender by seller not necessary — allegation of readiness and willingness to deliver is sufficient.

Contracts of sale which provide in one place that shipments will be made " f. o. b. cars Roch.," and in another place that the seller " will ship via our truck," are ambiguous, and in an action by the buyer to recover damages for the breach of such contracts evidence is admissible as to the practical construction by the buyer in giving and the seller in receiving shipping orders, for the purpose of showing that the contracts are to be construed to mean that delivery is to be made at buyer's option, either by delivery to the carrier or by delivery by the seller's truck to the buyer's address.

It appearing that the buyer did not give shipping orders and finally refused to accept the balance of the goods, the court properly directed a verdict in favor of the plaintiff to the effect that the contract of sale required the buyer to give shipping orders before the seller could be placed in default.

While the dates of actual deliveries under the contracts were later than the dates specified in the contracts, the evidence shows that the parties waived the provision as to the time for delivery by their action in not conforming to the exact terms of the contracts.

Furthermore, even though shipping instructions were not necessary, the refusal by the buyer to receive further shipments constituted a breach of the contracts and relieved the seller from the necessity of making a tender.

While as to the third contract under which no deliveries were made there is no

evidence on which a waiver of the specified time for delivery can be based, still the buyer was bound to give shipping instructions as a condition precedent to the seller's obligation to deliver, and, therefore, the seller was not required to tender delivery and his allegation in the complaint of readiness and willingness to perform is sufficient.

APPEAL by the defendant, Wilson & Co., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 28th day of October, 1922, upon the verdict of a jury rendered by direction of the court, and also from an order denying the defendant's motion for a new trial made upon the minutes.

*George A. Carnahan,* for the appellant.

*Percival D. Oviatt,* for the respondent.

SEARS, J.:

The plaintiff, the vendor, in two contracts for the sale of sewed burlap, has recovered a judgment for damages against the defendant, the vendee, for breach of such contracts on the vendee's part. There were in all three nearly contemporaneous contracts between the parties, dated respectively, March 18, April 17 and April 24, 1918, the first for the sale of fifty, the second for the sale of two hundred and twenty-five (afterwards reduced by mutual agreement to seventy) and the third for the sale of twenty-five bales of sewed burlap. In the first the time of shipment was specified to be " about 10 bales per month," in the second " about 20 to 25 bales per month," and in the third, " one-half in June and one-half in July." Each of the contracts contained the printed letters and word " f. o. b. cars " under which " Roch," meaning Rochester, is typewritten, and in another place at the bottom of each contract was printed " will ship via " followed by " our truck " in typewriting. The address of the plaintiff was Rochester, and each contract specified the address of the defendant at Rochester.

The full amount of goods provided for by the earliest contract was delivered, accepted and paid for. Under that contract the plaintiff continued to deliver and the defendant to accept goods covered by that agreement at times much later than the times specified in the instrument. The plaintiff also delivered and the defendant accepted at various dates continuing as late as October 14, 1920, all the goods specified in the second contract, except thirteen bales. No goods were delivered or accepted under the third contract. The complaint alleges " that the definite time of delivery fixed and the definite amount of each delivery fixed in each of said agree-

49

Fourth Department, January, 1924. [Vol. 207

ments was thereafter waived by both parties at the request and for the convenience of the defendant, although the plaintiff was at all times ready, able and willing to deliver burlap in accordance with the expressed agreements of the parties, * * *." Deliveries were made upon the first and second contracts by shipment by rail pursuant to orders of the defendant, and, in some cases, also on defendant's order, by truck to the defendant's Rochester address. No orders for shipment were ever given for the balance of the goods covered by the second contract or for any of the goods covered by the third. At various times during 1919, 1920 and 1921 requests or demands for shipping orders, or requests to " take out " goods were made by the plaintiff to the defendant. All shipping orders given by the defendant were complied with by the plaintiff. Finally, at some time between February 26 and March 18, 1921, defendant refused to accept the balance of the burlap contracted for and this action for damages was begun on the 13th day of August, 1921.

The provision of the contracts that the sale was " f. o. b. cars Roch." is seemingly inconsistent with the clause " will ship via our truck." The defendant puts all the stress upon the words " will ship via our truck," and disregards the words " f. o. b. cars Roch." or claims that they have to do with the price and that the words " will ship via our truck " alone contain the shipping instructions. (*Standard Casing Co.* v. *California Casing Co.*, 233 N. Y. 419.) The designation " f. o. b. cars Roch." is inappropriate with reference to price where no shipment by rail is otherwise provided for. The words " f. o. b. cars Roch.," in the absence of other shipping instructions, would indicate that a delivery was to be made to the plaintiff by delivering to a railroad as a carrier for shipment to a place indicated by the purchaser. (*Rosenberg Bros. & Co.* v. *Buffum Co.*, 234 N. Y. 338.) This phrasing is inconsistent with a construction that delivery was to be made either at seller's place of business or at buyer's Rochester address. In either of such cases there would be no carriage by rail. On the other hand, " will ship via our truck " probably means " will ship to the buyer at his Rochester address by our truck." A construction that delivery at buyer's option either for delivery to carrier or by truck to buyer's Rochester address would satisfy both clauses. The option, if in the seller, would negative all effect of the words " f. o. b. cars Roch." No effect can be given to these words as shipping instructions unless the buyer has the option, and, in such case, the buyer must exercise it by giving shipping orders. In our opinion, each of the contracts is ambiguous, and the evidence of the practical construction by the defendant giving and the

plaintiff receiving shipping orders was admissible to aid in resolving the ambiguity.

At the close of the plaintiff's case both parties moved for the direction of a verdict and the court's direction in favor of the plaintiff construes the contracts favorably to the plaintiff, namely, to the effect that the contracts of sale permitted the buyer to require delivery f. o. b. cars at Rochester, and that shipping instructions were, therefore, necessary before delivery could be made. The evidence is sufficient to sustain such finding.

We refer now especially to the second contract. The giving of shipping instructions by the defendant and the acceptance of the same and the delivery of goods pursuant thereto by the plaintiff, and the acceptance of such goods by the defendant long after the dates for delivery specified in the contract, are sufficient basis for the finding that the time provisions of the contract were waived. (*Henderson Tire & Rubber Co.* v. *Wilson & Son*, 235 N. Y. 489, 500; *Trainor Co.* v. *Amsinck & Co., Inc.*, 236 id. 392, 394; *Dunn* v. *Steubing*, 120 id. 232.) If either party had desired to restore time as an essential element to the contract, a notice to that effect would have been necessary. (*Taylor* v. *Goelet*, 208 N. Y. 253; *Trainor Co.* v. *Amsinck & Co., Inc., supra.*) Finally the defendant refused to receive any further shipments, including the balance due on this second contract, and this clearly constituted a breach. Even though shipping instructions were not necessary, this would have relieved the seller from the necessity of making tender. (*Henderson Tire & Rubber Co.* v. *Wilson & Son, supra*, 501.) As to this second contract, the plaintiff was, therefore, entitled to recover as the court directed.

Turning now to the third contract, we find that no goods were ever delivered and no shipping orders were ever given. If the contracts are treated separately, we find no specific mention of the third contract in the oral or documentary evidence on which a waiver of the specified time for delivery can be based. But this is, seemingly, not necessary. The construction given above to the contract necessitates shipping instructions from the defendant. The giving of shipping instructions was, therefore, a condition precedent to the seller's obligation to deliver, and under such circumstances a tender was not necessary, and readiness and willingness to perform is a sufficient allegation in the complaint. This is stated in Williston on Sales (§ 448) as follows: " Where by the terms of the contract the defendant has not performed some condition precedent, it is enough for the plaintiff to allege that he was ready and willing; he need do nothing actively until the defendant has performed the prior obligation."

In *Fuller & Co., Inc.,* v. *Jordan, Jr., Inc.* (196 App. Div. 114) the contract provided for delivery " F. A. S. New York " (meaning free alongside steamer at the port of New York). The defendant there contended that it was incumbent upon the seller to allege, not a physical tender, but an offer to perform and a demand of performance by the buyer. In support of this contention the case of *British Aluminum Co., Ltd.,* v. *Trefts* (163 App. Div. 184) was relied on, in which case it is said (at p. 188): " The vendor needed no shipping instructions to enable it to deliver the aluminum, which was to be consigned to the defendant at Buffalo and to be delivered f. o. b. at the city of New York, and *if it did it should have asked for them if it desired to perform and to put the vendee in default.*" In the *Fuller* case the court points out that this last clause which is quoted was not essential to the decision in the *British Aluminum* case, and that *Gordon Malting Co.* v. *Bartels Brewing Co.* (206 N. Y. 528), cited as authority in the *British Aluminum* case, does not sustain the court so far as such clause is concerned, that it is authority for the proposition that where the vendor has asked for shipping instructions and they have not been furnished by the vendee, the breach is complete, which is very different from holding that there cannot be a breach due to the vendee's failure to furnish shipping instructions where he has specifically agreed to furnish the same within a designated time and where delivery cannot be made without such instructions. In the *Fuller* case, therefore, the court rejected the contention of the defendant in that case and held that a demand for shipping instructions was not necessary to put the buyer, who was impliedly required to give them, in default. (*Bernhan C. & M. Corp.* v. *Ship-A-Hoy, Ltd., Inc.*, 200 App. Div. 399.)

In the *Rosenberg Case* (*supra*) where the sale was " f. o. b. Pacific Coast rail shipping point," shipping instructions were not necessary because the consignment could be made to the buyer at his address in New York. Here, however, the purchaser's address was Rochester and consignment could, therefore, not be made at Rochester to Rochester. The breach for failure to give shipping orders was complete at the end of the month of July, 1918, specified in the contract. As to the third contract the plaintiff was, therefore, entitled to recover as the court directed.

The judgment and order should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.