SEGUNDO TAMARGO and Others, Copartners, etc., Appellants, *v.* S. SILBERSTEIN & SONS, INC., Respondent.

Supreme Court, Appellate Term, First Department, May 14, 1925.

**Sales — action by buyer to recover back deposit — no recovery where buyer failed to give shipping instructions as required by contract — seller cannot recover on counterclaim for failure to give shipping instructions without proof of ability to perform within reasonable time.**

A buyer of goods cannot recover back, on the ground of failure to deliver, a deposit paid down, where he fails to prove that he gave shipping instructions to the seller as required by the contract. The seller cannot recover on its counterclaim for breach of contract based on the failure of the buyer to give shipping instructions unless it proves that it was able to perform the contract within a reasonable time.

APPEAL by plaintiffs from a judgment of the Municipal Court, Borough of Manhattan, Third District, dismissing the complaint and allowing counterclaim in favor of defendant.

*Louis O. Bergh,* for the appellants.

*Burnstine & Geist* [*Henry C. Burnstine* of counsel], for the respondent.

PROSKAUER, J.:

Defendant contracted to sell and plaintiff to buy certain voiles for export; delivery f. a. s. steamer New York. One thousand dollars was paid as a deposit by the buyer. The goods were not delivered and the buyer sues to recover back the deposit. Defendant resists on the ground that shipping instructions were never given to it.

In reversing a former judgment for plaintiff, Mr. Justice DOWLING wrote (201 App. Div. 19): "Under the complaint herein this action must be treated as one solely to recover back a deposit, and from that viewpoint it was incumbent upon the plaintiffs to establish performance by them of the terms of the agreement as they had alleged, before they could recover back the $1,000 paid as a deposit thereupon."

Inasmuch as there is again a total failure of proof that shipping instructions were furnished or excused, plaintiffs cannot recover. (*Giventer* v. *Antonofsky*, 209 App. Div. 679, 681.)

The serious question on this appeal is whether defendant is entitled to affirmative judgment on its counterclaim for damages occasioned by plaintiffs' failure to give shipping instructions. Defendant gave no proof of ability to deliver the goods within a reasonable time after receipt of shipping instructions. It has recovered damages merely on the proof that plaintiffs failed to give shipping instructions. While failure to give shipping instructions excused defendant from the useless act of tender, it did not relieve it from the necessity of pleading and proving its own ability to perform in order to entitle it to recover damages.

As is stated by ANDREWS, J., in *Strasbourger* v. *Leerburger* (233 N. Y. 55): "But while the lack of a tender may be excused, he must still show that he was able and willing to make it had it been required."

In *Sarachan & Rosenthal, Inc.,* v. *Wilson & Co.* (207 App. Div. 768, 771; affd., 240 N. Y. 563), SEARS, J., writes: "The giving of shipping instructions was, therefore, a condition precedent to the seller's obligation to deliver, and under such circumstances a tender was not necessary, and readiness and willingness to perform is a sufficient allegation in the complaint. This is stated in Williston on Sales (1st ed. § 448) as follows: 'Where by the terms of the contract the defendant has not performed some condition precedent, it is enough for the plaintiff to allege that he was ready and willing; he need do nothing actively until the defendant has performed the prior obligation.'"

*Fuller & Co., Inc.,* v. *Jordan, Jr., Inc.* (196 App. Div. 114) holds only that a tender was not necessary where shipping instructions

had not been given.   It does not hold that proof of readiness and ability to perform could be dispensed with.

For these reasons the judgment appealed from must be reversed and both the complaint and the counterclaim dismissed without prejudice.

Judgment reversed, with thirty dollars costs to appellant, and both the complaint and the counterclaim dismissed without prejudice.

All concur; present, BIJUR, MITCHELL and PROSKAUER, JJ.