## Hoover v. Lake Township School District.

*School law—Indebtedness—Borrowing money—Bonds—Erection of school building—Contract.*
1. School directors may, under section 506 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of May 20, 1921, P. L. 954, issue and sell bonds for the purpose of purchasing a site and erecting a new school building without having first, by formal resolution, authorized the purchase of the site and incurred the debt by formal contract for the construction of the building.

*School law—Tax levy—Teachers' salaries—Sinking fund—Act of May 23, 1923, P. L. 328.*
2. A school tax levy not strictly in accordance with statutory authority will be restrained, but school directors may lawfully levy a tax for the ensuing year within these limitations: General purposes, excluding teachers' salaries, 25 mills; and sinking fund, as required for teachers' salaries, not to exceed 8 mills.

Bill for injunction.   C. P. Luzerne Co., July Term, 1924, No. 13.

*G. J. Clark,* for plaintiff;   *W. A. Valentine* and *T. B. Miller,* for defendant.

McLEAN, J.—This case is before us upon motion for preliminary injunction. Plaintiff, a taxpayer of Lake Township, filed a bill to enjoin the school

directors of the School District of the Township of Lake from levying and collecting a school tax amounting in the aggregate to thirty-five mills, and, further, to enjoin the issue and sale of school bonds to the amount of $20,000.

At the time fixed for hearing motion for preliminary injunction, testimony was adduced and the minutes of the proceedings of the school board put in evidence.

The conceded facts are:

1. The school directors prepared and adopted a budget of proposed expenditures for the ensuing year, including teachers' salaries and general expenses, amounting to $19,511.

2. Subsequently, May 19, 1924, a resolution was adopted fixing the tax levy as follows: "That we levy a school tax of 15 mills for maintenance; 1 mill for interest tax on bonds; 19 mills for school building purposes; and that we levy a per capita tax of $2.50 on each and every taxable in the township."

3. A resolution was adopted increasing the indebtedness of the school district in the sum of $20,000, for the purpose of purchasing or acquiring a site for a new school building, and of erecting, equipping and furnishing the same in the said township, and providing for the issuance and sale of bonds for a like amount and for the payment of interest upon said bonds, and an annual tax for the payment of same.

4. That the School District of Lake Township is of the fourth class, and that the assessed valuation of the taxable property in said district is $1,091,546.

The bill raises two legal questions:

1. Does paragraph 24 of section 1 of the Act of May 23, 1923, P. L. 328, authorize the imposition of a school tax in excess of twenty-five mills, except in so far as the same may be necessary to pay the minimum salaries and increments of the teaching and supervisory staff in school districts of the fourth class?

2. May the school directors issue and sell bonds for the purpose of purchasing a site and erecting a new school building without having first, by formal resolution, authorized the purchase of a site and the construction of the building, and also having first incurred the debt therefor by formal contract?

In reference to the first question, we find the following pertinent legislation:

Section 537 of the Act of May 18, 1911, P. L. 309, as amended by section 1 of the Act of April 28, 1921, P. L. 328, provides: "In all school districts of the second, third and fourth class, all school taxes shall be levied and assessed by the board of school directors therein, during the month of April or May, each year, for the ensuing fiscal year; and the school districts of the second class shall not exceed twenty mills on the dollar, and in school districts of the third and fourth class, shall not exceed twenty-five mills on the dollar on the total amount of the assessed valuation of all property taxable for school purposes therein: Provided, that each school district of the second, third or fourth class may also collect a per capita tax on each resident or inhabitant of such district over twenty-one years of age as herein provided."

Section 1210 of the Act of May 18, 1911, P. L. 309, as amended by section 1 of the Act of July 10, 1919, P. L. 910, as further amended by paragraph 24 of section 1 of the Act of April 28, 1921, P. L. 328, and by the corresponding section and paragraph of the Act of May 23, 1923, P. L. 328, provides: "Boards of school directors of school districts of the second, third and fourth classes are hereby authorized and directed to levy annually a tax on each dollar of the total assessment of all property assessed and certified for taxation therein

Hoover *v.* Lake Township School District.

to pay minimum salaries and increments of the teaching and supervisory staff provided therein. Said tax shall not be invalidated or affected by reason of the fact that it may increase the total annual school tax levy of any school district beyond the millage fixed or limited by law; provided, that in districts of the fourth class, the tax herein authorized, together with all other school taxes levied in the district, shall not exceed thirty-five mills on each dollar of the assessed valuation thereof."

### Discussion.

1. We understand the effect of this legislation to be that school taxes for general purposes for the then fiscal year, not including minimum salaries and increments of the teaching and supervisory staff, as prescribed by statute in districts of the fourth class, may not exceed twenty-five mills upon the assessed valuation, and that school directors are authorized to levy an annual tax to pay minimum salaries, increments of the teaching and supervisory staff as provided by law, which tax, together with all other school taxes levied in the district, shall not exceed thirty-five mills upon the assessed valuation.

In the instant case a tax levy would have more clearly revealed the purposes for which the levies were made if the tax to pay the minimum salaries of teachers, etc., had appeared separately in the resolution. However, reference to the budget indicates that, of the $19,511 required for the fiscal year, exclusive of building purposes, $11,770 is for teachers' salaries (we assume this item provides for the payment of minimum salaries and increments of the teaching and supervisory staff as provided by law), and of this amount, the sum of $4000 is to be paid by the State (as provided in paragraph 19 of section 1210, Act of May 23, 1923, P. L. 328). The budget expense to be raised by taxes for the payment of teachers is, therefore, $7770, and to pay this sum the school directors are authorized to levy a tax, which, with all other school taxes, may not exceed thirty-five mills upon the assessed valuation, and which, in the event of a school tax levied for general purposes of twenty-five mills, may not exceed ten mills, but which in no event may exceed the amount required to pay the teachers' salaries, less the amount appropriated by the State for this purpose; from this view of the law it has appeared that a tax to pay teachers' salaries, etc., not to exceed eight mills, would be justified and lawful. We are of the further opinion that the limitations imposed by the Acts of May 20, 1921, P. L. 954, and May 23, 1923, P. L. 328, do not extend to or control such special levies as may be necessary to create a sinking fund for the payment of funded debts, "but only to the annual levies for carrying on the school work in the district 'for the ensuing fiscal year:' " Pittston Twp. School District *v.* Dupont Borough School District, 275 Pa. 183-191.

We are, therefore, obliged to restrain the collection of the tax as levied because not in accordance with statutory authority, and would suggest that the school directors may lawfully levy a tax for the ensuing year within the following limitations:

For general purposes, excluding teachers' salaries.....25 mills

For sinking fund, as required for teachers' salaries, not to exceed...................................... 8 mills

Because of the informality of the original levy complained of, we suggest the propriety of the new levy as preferable to an order of this court reducing the millage.

2. We are of the opinion that the failure of the school directors to adopt a formal resolution to purchase a site and to construct a school building thereon, and the failure of the school directors to have actually entered into contracts

for these purposes, are not legal barriers to the issuing and sale of bonds, the proceeds of which are to be used for these purposes; notwithstanding it might seem more businesslike to first determine the financial requirements before borrowing the money, nevertheless, that is a matter within the sound discretion of the school directors with which we may not interfere.

Section 506 of the Act of May 20, 1921, P. L. 954, provides: "The board of school directors of any school district of this Commonwealth, in any year, in order to purchase or acquire proper sites or grounds for school buildings, . . . or to erect, enlarge, equip or furnish any school building, . . . may create and incur an indebtedness against such school district and issue bonds to secure the same for any and all such purposes. . . ."

It is contended by plaintiff that the words "may create and incur an indebtedness against such school district and issue bonds to secure the same for any and all such purposes" means that the school district is not permitted to issue bonds for such purposes until after the indebtedness for such purposes has been created and incurred. We cannot agree to this construction of the words used. We interpret this phrase to mean simply that the school district may borrow money (may create and incur an indebtedness) and issue bonds to secure the repayment of the money borrowed, and that this does not imply the necessity of having first actually entered into a contract for the purchase of a site or the erection of a building before borrowing money to pay for the same.

Temporary injunction restraining the issuance of any duplicate of taxes for collection for the fiscal year beginning first Monday of July, 1924, based on the levy made May 19, 1924, is granted; the other prayers of the bill are refused.

From F. P. Slattery, Wilkes-Barre, Pa.